# In the United States Court of Federal Claims

No. 20-1073
Filed: November 2, 2020

|  |  |
|---|---|
| CENOBIO HUMBERTO HERRERA, Sr., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

**ORDER DISMISSING CASE**

On August 25, 2020, plaintiff, Cenobio H. Herrera, Sr., proceeding *pro se*, filed a complaint with this Court, through which he appears to seek damages for unjust conviction and imprisonment. On September 8, 2020, plaintiff filed a motion to proceed *in forma pauperis*.

This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

On September 3, 2020, this Court issued an Order to Show Cause as to why this Court has jurisdiction over plaintiff's claim. On September 28, 2020, plaintiff responded, stating that this Court has jurisdiction "pursuant to an implied contract with [the] United States for unliquidated damages." Show Cause at 1, ECF No. 11 (emphasis omitted). Upon *sua sponte* review, this Court finds that plaintiff's allegations have not met the requirements set forth under 28 U.S.C. § 2513 (a). Specifically, plaintiff must "allege and prove" that (1)"[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction," and that (2)"[h]e did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution." 28 U.S.C. § 2513 (a) (outlining the requirements for any person suing under 28 U.S.C. § 1495,

seeking damages for unjust conviction and imprisonment).[1]  This Court has no authority over plaintiff's case, and therefore must dismiss the complaint pursuant to RCFC 12(h)(3).

Plaintiff's Complaint is hereby **DISMISSED**, pursuant to RCFC 12(h)(3).  Additionally, plaintiff's Motion to proceed *in forma pauperis* is hereby **GRANTED**.  The Clerk of Court is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

*Loren A. Smith*

Loren A. Smith, Senior Judge

---

[1]  Plaintiff filed a Notice of International Commercial Claim Administrative Remedy with its Complaint.  Complaint, Attachment 3, Exhibit, ECF No. 1.  This Exhibit does not fulfill the requirements outlined under 28 U.S.C. § 2513 (a).  *See id*.